# EXHIBIT 1

## DECLARATION OF JOHN PATRICK LOWE

I, John Patrick Lowe, make this Declaration under penalty of perjury in Uvalde, Texas.

1.      My name is John Patrick Lowe. I am over twenty-one years of age, and I am competent to make this Declaration. I am a lawyer licensed to practice law in Texas and have been since 1978. I am admitted to practice in the Courts of the United States District Court for the Western District of Texas and have been for many years. I am one of the Chapter 7 bankruptcy trustees for Chapter 7 bankruptcy cases in the Western District of Texas and have been for forty years.

2.      I am the Receiver over the affairs of Ferrum Capital LLC and Ferrum IV LLC appointed under the Order Appointing Receiver signed by the Honorable Nicole Garza, Presiding Judge of the 37th Judicial District Court of Bexar County, Texas in *Judy Musgrove et al. v. Brooklyn Chandler Willy et al.*, case no. 2023CI22575 filed in the 438th Judicial District Court of Bexar County, Texas (the "Musgrove Texas State Court Action"). I signed the Oath accepting that appointment on January 8, 2024, and have served as the court-appointed Receiver over Ferrum Capital since then.  The Musgrove State Court Action has been transferred from the 438th Judicial District Court of Bexar County, Texas to the 131st District Court in Bexar County.  I have made regular, quarterly reports to the Ferrum Receivership Court since my appointment to serve as Receiver and I will continue to do so.

3.      Ferrum Capital LLC was based in Lubbock, Texas and was the entity or vehicle through which its owners and managers and others conducted a Ponzi scheme. Ferrum Capital sold promissory notes to retail investors.  Ferrum Capital had no

business other than the sale of those promissory notes. Ferrum Capital conducts no business today, has no employees, and has no office. All that remains of Ferrum Capital is the Receivership Estate for which I serve as Receiver.

4.      Ferrum Capital loaned much of the money it raised from the retail investors to whom it issued promissory notes to Collins Asset Group LLC ("CAG") in Austin, Texas under promissory notes issued by CAG to Ferrum Capital secured by accounts CAG promised to purchase with the loan proceeds. There are 62 promissory notes by GAG due and owing to Ferrum, now assets of the Ferrum Receivership Estate. In substance, the terms all of the promissory notes are the same.

5.      In my capacity as Receiver for Ferrum Capital, I contend that CAG, Oliphant, and AIM entered into an arrangement in which CAG advanced to AIM or Oliphant money CAG received from Ferrum Capital or money which CAG (or Oliphant as servicer for CAG) collected on accounts CAG had pledged to Ferrum Capital and that using that money Oliphant or AIM purchased accounts in their names. As Receiver for Ferrum Capital, I contend that Ferrum Capital has a lien on those accounts purchased in the name of AIM or Oliphant with cash from Ferrum Capital or from proceeds of accounts CAG had pledged to Ferrum Capital and on the collections on or proceeds of those AIM and Oliphant accounts.

6.      CAG is a Chapter 7 debtor in bankruptcy case no. 25-51660-mmp pending in the United States Bankruptcy Court for the Western District of Texas. On behalf of the Ferrum Capital Receivership, I asserted claims against CAG; its affiliated entities Oliphant Financial LLC, Oliphant USA LLC, Oliphant Inc., Accelerated Inventory Management, LLC, Tesota, LLC; and Metropolitan Partners Group Administration LLC

in pending Adversary Proceeding No. 25-05047-mmp a Second Amended Complaint in the Adversary Proceeding pending in the CAG bankruptcy case styled, *Judy Musgrove et al. v. Brooklyn Chandler Will et al.* (below, the "Musgrove Adversary"). The CAG Chapter 7 Trustee has substituted in for me (as Receiver) on those claims. I have forty years of experience serving as a Chapter 7 bankruptcy trustee. I am familiar with lien disputes. I am not the Chapter 7 trustee in the CAG bankruptcy but in my opinion, the disputes among Metropolitan Partners, Ferrum Capital (or me in my capacity as Receiver for Ferrum Capital), and the Chapter 7 Trustee in the CAG bankruptcy over liens on accounts are core proceedings involving property of the CAG bankruptcy estate and matters that affect the liquidation of assets in the CAG bankruptcy and the administration of the CAG bankruptcy estate.

7.    I live and work in the Western District of Texas and have for many years. My law office is in Uvalde, Texas, which is in the Western District of Texas, and has been for many years. I conduct the business of the Receivership and keep the books and records of the Receivership in my law office in the Western District of Texas.

8.    I now believe that there are at least 300 people who invested in Ferrum capital promissory notes. Most of them live in Texas, in the San Antonio metropolitan area (Bexar County and the surrounding five counties) or in the Lubbock, Texas area. I know this because I have communicated with many of them and I have reviewed the records the managers of Ferrum Capital turned over to me in the litigation in state court in Texas. I also have retained Greg Murray, CPA, a forensic accountant, to assist me in trying to recreate the books and records of Ferrum Capital.

9.     The aggregate principal amount invested across all of the Ferrum investors was approximately $67 million and approximately $47 million of that original aggregate investment amount remains unpaid under promissory notes from CAG to Ferrum. I believe those people who invested in Ferrum Capital and another company operated by the former owners and managers of Ferrum Capital, Ferrum IV, LLC, are most of the creditors of the Ferrum Receivership Estate over which I serve as Receiver.

10.     Most of the people who invested in Ferrum Capital promissory notes live in Texas and are retired. Many of them are elderly. From my communications with many of the Ferrum Capital investors, I believe that most of them will not be able to attend court proceedings in New York.

11.     It is inconvenient for me personally and burdensome and expensive for the Ferrum Receivership Estate for the Receivership Estate to litigate with Metropolitan Partners Group Administration, LLC, and Oliphant USA LLC in a court in New York.  On behalf of the Ferrum Receivership Estate, I already have filed claims against the Oliphant Parties and Metropolitan Partners in the Musgrove Adversary.  I contend for the Ferrum Receivership Estate that the Receivership is a secured creditor of CAG and that some of the claims I asserted in the Musgrove Adversary (and which the Chapter 7 Trustee now  asserts for the CAG bankruptcy estate) against Metropolitan Partners and/or one of the Oliphant affiliates are based on accounts (or proceeds thereof) in which Ferrum Capital has a security interest.

12.     Compared to the inconvenience, burden, and expense for the Ferrum Capital Receivership Estate of conducting litigation with Metropolitan Partners in Texas,

conducting the litigation in New York will be significantly more expensive, inconvenient, and burdensome.

13.    My lawyer for the Receivership in Texas since 2024, Royal Lea, and my forensic accountant for the Receivership, Greg Murray, CPA, have spent hundreds of hours learning the transactions and circumstances among Ferrum Capital, CAG, its affiliates, the Oliphant companies, and Metropolitan Partners. The Musgrove Adversary in which CAG, Oliphant USA, and I in my capacity as Receiver are already joined in litigation is already pending in the Western District of Texas. Lea's hourly rate for his services for the Ferrum Capital Receivership Estate in Texas is $500. Murray's hourly rate for his services is $250. If I am required to manage litigation for the Ferrum Receivership Estate on behalf of Ferrum Capital in New York, I will face the choice for the Receivership Estate of either (a) replacing Lea and Murray with a similarly qualified lawyer and accountant in New York and paying for a new lawyer and accountant to learn what they already know; or (b) to pay Lea and Murray to travel to and from New York and pay for a lawyer in New York to serve as local counsel. In my opinion, based on these circumstances and knowing that the people who conduct the business of CAG and Oliphant maintain their books and records are here in the Western District of Texas, it is much more efficient for litigation between Metropolitan Partners on the one hand and Ferrum Capital and Oliphant USA on the other hand to be conducted in the Western District of Texas where the Musgrove Adversary has been pending since June 2025.

14.    In my capacity as Receiver, have agreed on behalf of the Ferrum Receivership Estate to pay John Moscow for his services at an hourly rate of $1,000.

15.    I was served on March 31, 2026, for Ferrum Capital with a summons and the Metropolitan Partners complaint in the Metropolitan Partners lawsuit in against Ferrum Capital LLC, Oliphant USA LLC, and Growth Platforms LLC

16.    I have read this Declaration. What is stated in this Declaration is true and correct to the best of my knowledge, information, and belief.

Executed in Uvalde County, State of Texas, on the 28th day of April, 2026.

_____
JOHN PATRICK LOWE