# EXHIBIT 9

## DECLARATION OF RON SATIJA

I, Ron Satija, declare under penalty of perjury the following:

1.      My name is Ron Satija.  I am over twenty-one years of age and I am competent to make this Declaration.

2.      I am a lawyer licensed to practice law in Texas and have been since 2003.

3.      I am a panel Chapter 7 Trustee for Chapter 7 bankruptcy cases in the United States Bankruptcy Court for the Western District of Texas and have been since 2010.

4.      I am the Chapter 7 Trustee in *In re Collins Asset Group, LLC*, case no. 25-51660-mmp in the United States Bankruptcy Court for the Western District of Texas.  I also am the Chapter 7 Trustee for the parent company and owner of Collins Asset Group, LLC, Hollins Holdings, Inc., in *In re Hollins Holdings, Inc*., case no. 25-51670-mmp in the Bankruptcy Court in the Western District of Texas.

5.      In my capacity as Chapter 7 Trustee in the Collins Asset Group, LLC bankruptcy case, I have become aware of the Original Complaint filed by Metropolitan Partners Group Administration LLC against Oliphant USA, LLC, Ferrum Capital, LLC, and Growth Platforms, LLC in the Supreme Court for New York County in the State of New York, case no. 650772/2026 (the "New York Action").  Based on my review of the New York Action complaint and the Schedules of Assets and Liabilities filed by Collins Asset Group, LLC in its bankruptcy case, the New York Action alleges disputes over the remittance of collections from consumer debt portfolios serviced by Oliphant USA, LLC through a commingled deposit account.  Collins Asset Group, LLC's Schedules of Assets and Liabilities, filed in the bankruptcy case, disclose that Ferrum Capital, LLC ("Ferrum") and Growth Platforms, LLC ("Growth") hold security interests in Collins Asset Group,

127196.000001 4899-9420-5351.1                                                    Page **1** of **6**

LLC's non-performing loan portfolios, and that Oliphant USA, LLC serviced those portfolios.

6.    On behalf of the bankruptcy estate of Collins Asset Group, LLC, I am asserting claims against Metropolitan Partners in an adversary proceeding pending in the United States Bankruptcy Court for the Western District of Texas, Adversary Proceeding No. 25-05047-MMP, *Judy Musgrove et al., plaintiffs, v. Brooklyn Chandler Willy et al., defendants* ("Pending Adversary Proceeding").

7.    In addition, on February 16, 2026, certain investors in Ferrum filed a Motion for Partial Summary Judgment in the Pending Adversary Proceeding seeking *inter alia* allowance of their claims in full.  Relatedly, in the New York Action, Metropolitan alleges that:

a.  Ferrum and Growth received overpayments of at least $10 million from Oliphant between January 1, 2022 and April 30, 2025;

b.  All remittances from consumer debt portfolios serviced by Oliphant Entities were deposited into a "Commingled Remittance Account" at Hancock Whitney Bank.

These allegations directly implicate the Ferrum investors' damages calculation in the bankruptcy case and, in turn, their requested relief for the allowance of their proofs of claim "in full" and I have raised this issue in Trustee's Opposition to Plaintiffs' Motion for Partial Summary Judgment, including Motion to Stay.

8.    Based on my review of the publicly filed pleadings in the Pending Adversary Proceeding and the New York Action, I believe the events and circumstances alleged in the Metropolitan Partners' complaint in the New York Action are closely related to the

events and circumstances on which I, in my capacity as Chapter 7 Trustee for the bankruptcy estate of Collins Asset Group, LLC, assert claims against Metropolitan Partners, and potential defenses against claim allowance, all as set forth in the Pending Adversary Proceeding.   Both proceedings involve allegations concerning Oliphant's servicing of consumer debt accounts owned or claimed by Collins Asset Group, LLC and accounts owned or claimed by Oliphant or one of its affiliates, and the remittance of payments from the collections of those accounts.  Both Metropolitan Partners and the Collins Asset Group, LLC bankruptcy estate claim entitlement to collections on such accounts under their respective asserted liens.  According to the public docket in the Collins Asset Group, LLC bankruptcy case, several parties (including John Patrick Lowe, in his capacity as Court-Appointed Receiver for the assets and affairs of Ferrum) have asserted security interests in accounts Collins Asset Group, LLC owned and in the proceeds of those accounts.

9.      Based on the above analysis, the accounts and collections at issue in the New York Action thus likely overlap with assets in which the Collins Asset Group, LLC bankruptcy estate claims an interest.  Accordingly, I believe the New York Action involves at least arguable property of the Collins Asset Group, LLC bankruptcy estate or implicates property of the Collins Asset Group, LLC bankruptcy estate.

10.      My litigation counsel has issued discovery to Metropolitan Partners in the Pending Adversary Proceeding, seeking documentary support for the allegations it has alleged in its Complaint in the New York Action.

11.      Daniel Laux has served as the representative for Collins Asset Group, LLC in its bankruptcy case.  The Debtor's Amended Statement of Financial Affairs ("SOFA")

identifies Laux as "Manager" of Collins Asset Group, LLC, located at 6001 W. William Cannon Dr., Ste. 102, Austin, Texas 78749, the same address as Oliphant USA, LLC. The Amended SOFA further identifies Oliphant USA, LLC as an entity with "common ownership" of the Debtor that served as "servicer of receivables."  At the § 341 meeting of creditors, Mr. Laux testified that he began working for Oliphant USA, LLC in approximately 2020 and that the Debtor's physical offices are in Austin, Texas.  The Amended SOFA identifies Oliphant USA, LLC, at the Austin address, as the entity in possession of the Debtor's books of account and records at the time the case was filed. The Amended SOFA identifies three individuals who maintained the Debtor's books and records within two years before filing, each located at the same Austin address: Damien Alfalla (August 2024 to present), Jack Davis (September 2023 to November 2024), and Richard Schulster (July 2022 to December 2023).  At the § 341 meeting of creditors, Mr. Laux testified that the Debtor's consumer account data is maintained on a server located in Austin, Texas.  Certain of the books and records of the Collins Asset Group, LLC bankruptcy estate have been turned over to me and are maintained in part at my general bankruptcy counsel's office in San Antonio, and in part at the estate's accountant's offices, *inter alia*, located in Austin, both in the Western District of Texas.

12.    While I have served as Chapter 7 Trustee for Collins Asset Group, LLC, I have received reports on the 2025 collections of the accounts Collins Asset Group, LLC owned and the allocation of the shares of the collections among the claimed secured creditors of Collins Asset Group, LLC from counsel for Oliphant USA.

13.    The website of International Capital Access Group ("ICAG") at www.intlcag.com, the corporate umbrella under which the Oliphant entities operate,

identifies Nick Swinea as "CIO" (Chief Information Officer) of ICAG and states that he "is responsible for managing and governing the company's data assets, ensuring data quality and accessibility, and leveraging data to drive business insights and strategic decisions" who "manages day-to-day operations, financial forecasting, and customer service for Oliphant." Separately, the November 2023 offering circulars for the Oliphant Structured Consumer Loan Program, which are part of the record in this case, identify Mr. Swinea as "Customer Service & Operations Officer" of Oliphant. Based on the foregoing, I understand that Mr. Swinea, in his capacity as Chief Information Officer, has functional responsibility for the data systems and reporting infrastructure used in Oliphant's servicing operations for the Debtor.

14. It is my understanding that Collins Asset Group, LLC was founded in 2011. The transcript of the § 341 meeting of creditors reflects testimony that Walt Collins was the initial CEO of Collins Asset Group, LLC. The Amended SOFA and the publicly filed pleadings in the Pending Adversary Proceeding reflect that Mr. Collins is a party to, or witness in, multiple proceedings involving the relationships and transactions among the Debtor, Oliphant, Ferrum Capital, and Metropolitan Partners.

15. Included with this Declaration is a genuine copy of a letter dated March 11, 2026, from Jordan T. Koenig of the Holland & Knight LLP law firm, counsel for Metropolitan Partners, to Danielle Rushing Behrends of the Dykema Gossett PLLC law firm and Michael P. Ridulfo of the Kane Russell Coleman Logan PC law firm (counsel for Oliphant USA). Ms. Behrends and the Dykema law firm serve as general counsel for me in my capacity as Chapter 7 Trustee of the bankruptcy estate of Collins Asset Group, LLC in its bankruptcy case. I regard the letter from counsel for Metropolitan Partners as a

claim against the Collins Asset Group, LLC bankruptcy estate to a lien on, and right to, proceeds of accounts in which I contend Collins Asset Group, LLC has an interest.

16.    In light of the foregoing, I support the removal of the New York Action to the United States Bankruptcy Court for the Western District of Texas.  The claims asserted in the New York Action are closely related to the claims I am pursuing on behalf of the Collins Asset Group, LLC bankruptcy estate in the Pending Adversary Proceeding.

17.    I have read this Declaration.  The facts stated herein are true and correct to the best of my knowledge, information, and belief.

Executed in Travis County, State of Texas, on the _30_ day of April, 2026.


_____
Ron Satija, Chapter 7 Trustee
Collins Asset Group, LLC
Hollins Holdings, Inc.